KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

January 20, 2022

**Via ECF**

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Phhhoto Inc. v. Meta Platforms, Inc., et al.*, No. 21-cv-06159-KAM-RLM

Dear Judge Matsumoto:

      On behalf of Defendant Meta Platforms, Inc. ("Meta") we respectfully request a pre-motion conference regarding Meta's anticipated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The claims of Plaintiff Phhhoto Inc. ("Phhhoto") should be dismissed for at least the following reasons: (1) they are untimely, filed a half a decade after the conduct at issue, of which Phhhoto was fully aware at the time; (2) they fail to state a monopolization claim under the Sherman Act; (3) they fail to state any claim under state law.

      **Plaintiff's Claims Are Time-Barred.** Phhhoto, a defunct application developer, filed this lawsuit in November 2021, seeking to challenge conduct that occurred between 2015 and 2016. That five-year delay decides this case. A damages claim under Section 2 is subject to a four-year statute of limitations, 15 U.S.C. § 15b, which "begins to run when a defendant commits an act that injures a plaintiff's business," *Zenith Radio Corp. v. Hazeltine Rsch. Inc.*, 401 U.S. 321, 338 (1971). Phhhoto's state law claims are governed by a three-year statute of limitations. *See Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 545 (2d Cir. 1999) (fraud); *Samanich v. Facebook*, 2021 WL 2856634, at *6 (E.D.N.Y. July 8, 2021) (Matsumoto, J.) (unfair competition); *Statler v. Dell, Inc.*, 841 F. Supp. 2d 642, 648 (E.D.N.Y. 2012) (Section 349). Each of these claims accrued, if at all, no later than April 2016, when the last alleged act – Instagram's adoption of an algorithmic newsfeed – supposedly injured Phhhoto. *See* Compl. ¶¶ 71-72. Phhhoto's claims therefore had all expired by April 2020, well before it filed suit. Earlier-filed claims based on some of the same alleged conduct were dismissed as untimely in *Klein v. Facebook, Inc.*, 2022 WL 141561, at *55 (N.D. Cal. Jan. 14, 2022), and *Reveal Chat Holdco LLC v. Facebook, Inc.*, 2021 WL 1615349, at *5-9 (N.D. Cal. Apr. 26, 2021), *appeal docketed*, No. 21-15863 (9th Cir. May 13, 2021).

Like the *Klein* and *Reveal Chat* plaintiffs, Phhhoto cannot excuse its delay. It invokes (at ¶¶ 140-142) fraudulent concealment, but Phhhoto's allegations make clear that it had notice of the facts underlying its claims by April 2016. *See GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 179 (4th Cir. 2007). Phhhoto's assertion that Meta concealed its motives is irrelevant to Phhhoto's Section 2 claim. *See United States v. Microsoft Corp.*, 253 F.3d 34, 59 (D.C. Cir. 2001); *Reveal Chat*, 2021 WL 1615349, at *7. And Phhhoto has not plausibly alleged that it diligently investigated its claim – itself not plausibly alleged – that Instagram's algorithmic feed suppressed competitor content. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012); *cf. Klein*, 2022 WL 141561, at *56-58. Phhhoto's other tolling theories (at ¶¶ 143-144) fail to revive its stale claims. Phhhoto alleges no antitrust violations within the limitations period, and thus has not pleaded a continuing violation. *See US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43, 68 (2d Cir. 2019). The speculative-damages doctrine does not apply because Phhhoto's damages were capable of estimation when it incurred injury and certainly no later than when it closed in June 2017. *See Higgins v. N.Y. Stock Exch.*, 942 F.2d 829, 832 (2d Cir. 1991).

**Plaintiff's Monopolization Claim Fails.** To state a monopolization claim under Section 2 of the Sherman Act, Phhhoto must allege facts that plausibly establish: (1) a relevant antitrust market; (2) that Meta has monopoly power in that market; and (3) that Meta maintained its monopoly power through exclusionary conduct. *See United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966). Phhhoto does not adequately plead any of these elements.

*First*, Phhhoto has not alleged a plausible relevant antitrust market. While Phhhoto asserts (at ¶ 96) that Meta monopolized the "personal social networking services" ("PSNS") market, Phhhoto fails to define that market according to cross-elasticity of demand and implausibly excludes obvious substitutes for Meta's products. *See City of New York v. Grp. Health Inc.*, 649 F.3d 151, 156 (2d Cir. 2011). In addition, Phhhoto's gerrymandered PSNS market provides no basis for its conduct claims: all of Phhhoto's allegations of exclusionary conduct turn on Phhhoto's relationship with Meta in some *other* undefined market between Meta and app developers. Phhhoto alleges no facts establishing any developer-side market, much less that Meta had power over app developers – that is, control over an input that app developers needed to reach users. Absent such allegations, there is no basis for a claim that Meta's conduct harmed competition and does not implicate Section 2. *See Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 452 (7th Cir. 2020).

*Second*, Phhhoto has not alleged facts to plausibly establish that Meta has "the power to control prices or exclude competition," *Grinnell*, 384 U.S. at 571, either directly or indirectly through a large percentage share of the relevant market protected by significant barriers to entry, *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 98 (2d Cir. 1998). Tacitly acknowledging that Meta has neither restricted output nor charged supracompetitive prices, Phhhoto instead claims (at ¶ 112) that Meta excluded competitors from the PSNS market. But nowhere does Phhhoto allege that Meta interfered with its rivals' independent dealings with users; it allegedly prevented opportunistic exploitation of its platforms. Phhhoto's attempt (at ¶¶ 106-111) to plead

monopoly power indirectly fares no better. Its inapt metrics do not measure PSNS usage and thus cannot support a plausible allegation of market share in Phhhoto's alleged market. *See Kaufman v. Time Warner*, 836 F.3d 137, 147-48 (2d Cir. 2016).

*Third*, Phhhoto has not plausibly alleged that Meta maintained its alleged market position through "anticompetitive conduct." *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004) (emphasis omitted). The central premise of Phhhoto's Section 2 claim (at ¶ 148) is that Meta failed to *help* Phhhoto grow – whether by declining to integrate Phhhoto into the Facebook newsfeed, terminating Phhhoto's access to certain application programming interfaces, withdrawing Phhhoto's ability to pre-populate hashtags on Instagram to promote its service, or adopting an algorithmic newsfeed that supposedly suppressed phhhotos uploaded to Instagram. This theory of harm is foreclosed by the settled principle that a monopolist generally has no duty to aid competitors. *See Pac. Bell Tel. Co. v. linkLine Commc'ns., Inc.*, 555 U.S. 438, 444 (2009); *Trinko*, 540 U.S. at 411; *In re Adderall XR Antitrust Litig.*, 754 F.3d 128, 134-36 (2d Cir. 2014). Phhhoto's allegations do not satisfy the narrow exception to this no-duty-to-deal rule because the alleged conduct entails no alleged profit sacrifice and is plainly rational. *See Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 124 (2d Cir. 2007); *N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*, 323 F. Supp. 2d 559, 571 (S.D.N.Y. 2004).

**Plaintiff's State Law Claims Fail.** Aside from untimeliness, Phhhoto's state law claims fail on the merits. Its fraud claim fails because it has not alleged, with the requisite particularity, a factually false statement, *see Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004), or fraudulent intent, *see Thomas v. JPMorgan Chase & Co.*, 811 F. Supp. 2d 781, 799 (S.D.N.Y. 2011). The Section 349 claim fails because Phhhoto has not plausibly alleged facts establishing objectively misleading conduct directed at consumers. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 63-64 (2d Cir. 1998). And Phhhoto's common-law unfair competition claim fails because the Complaint neither identifies any property belonging to Phhhoto that was allegedly misappropriated, *see Com. Data Servers, Inc. v. IBM Corp.*, 166 F. Supp. 2d 891, 894-95 (S.D.N.Y. 2001), nor pleads any facts to establish bad faith, *see Nat'l Air Cargo Grp., Inc. v. Maersk Line Ltd.*, 2019 WL 4735426, at *10 (S.D.N.Y. Sept. 27, 2019).

**Proposed Briefing Schedule.** After conferring with counsel for Phhhoto, Meta proposes the following agreed briefing schedule: motion to dismiss due on February 25, 2022; opposition due on April 1, 2022; and reply due on April 22, 2022.

                                                          Respectfully submitted,

                                                          /s/
                                                          Aaron M. Panner

cc: Counsel of record (via ECF)