KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
_____
(202) 326-7900
FACSIMILE:
(202) 326-7999

March 14, 2023

**Via ECF**

Honorable Magistrate Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Phhhoto Inc. v. Meta Platforms, Inc.*, *et al.*, No. 21-cv-06159-KAM-RLM

Dear Chief Magistrate Judge Bloom:

      Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Meta Platforms, Inc. ("Meta"), by and through its attorneys, respectfully moves to stay discovery pending the Court's resolution of Meta's motion to dismiss the amended complaint of Plaintiff Phhhoto Inc. ("Phhhoto"). *See* ECF No. 27. This case satisfies the criteria for a stay of discovery: Meta's motion to dismiss identifies serious defects with each of Phhhoto's claims, discovery will be costly and time-consuming, and a stay will not unfairly prejudice Phhhoto.

      **Background.** Phhhoto, a defunct photo-sharing application, filed this lawsuit in November 2021, based on conduct that allegedly occurred between 2015 and 2016. ECF No. 1. Phhhoto alleges that in 2016, Instagram implemented an algorithm to determine what content Instagram users would see in their feed, replacing the prior chronological feed. Phhhoto complains that the algorithm caused engagement with Phhhoto content on Instagram to "tank," and led to the company's demise by mid-2017. Based on this and other, earlier conduct, Phhhoto sued Meta under the Sherman Act and state common law, claiming monopolization, fraud, and unfair competition.

      Meta sought leave to file a motion to dismiss Phhhoto's claims. ECF No. 16. At a pre-motion conference held on March 10, 2022, Judge Matsumoto observed that Phhhoto's antitrust claim was likely time-barred because it is subject to a four-year statute of limitations, but "it appears this case was filed five years after the alleged violations." 3/10/2022 Conf. Tr. 3:9-11. The Court granted Phhhoto leave to amend its complaint to try to "address some of the deficiencies that [Meta] raise[d]." *Id.* at 6:23-7:5. After Phhhoto amended its complaint (ECF No. 22), Meta moved to dismiss, arguing Phhhoto's claims are barred by the applicable statute of

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Magistrate Bloom
March 14, 2023
Page 2

limitations and that Phhhoto failed to state any claim upon which relief can be granted.  ECF No.
27-1.  The motion was fully briefed on June 6, 2022.  ECF No. 29.

On December 13, 2022 – more than a year after filing this lawsuit – Phhhoto raised with
Meta the possibility of commencing discovery.  Meta explained that it would be inefficient and
burdensome to proceed to discovery before the Court ruled on Meta's motion to dismiss.  On
February 21, 2023, Phhhoto stated its intention to begin discovery.  At Phhhoto's request, the
parties held a Rule 26(f) conference on March 13, 2023, during which Meta notified Phhhoto of
its intent to move to stay discovery.

**Argument.**  Under Rule 26(c), "a district court may stay discovery during the pendency
of a motion to dismiss for 'good cause shown.'"  *Chesney v. Valley Stream Union Free Sch.
Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (issuing stay).  When evaluating whether
good cause exists, courts consider "(1) whether the defendant has made a strong showing that the
plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it;
and (3) the risk of unfair prejudice to the party opposing the stay."  *Id.*  Each factor favors a stay.

***Meta's motion to dismiss is potentially dispositive.***  Staying discovery is appropriate
when a pending motion to dismiss "is potentially dispositive" and "not unfounded in the law."
*Elnenaey v. JP Morgan Chase Bank, N.A.*, 2021 WL 7908626, at *1 (E.D.N.Y. Oct. 7, 2021)
(Bloom, MJ); *see Port Dock & Stone Corp. v. Oldcaster Ne., Inc.*, 2006 WL 897996, at *2
(E.D.N.Y. Mar. 31, 2006) (staying discovery in antitrust case because defendants' dismissal
"arguments do not appear to be frivolous or unfounded").  That low bar is met here.  As detailed
further in Meta's motion to dismiss, Phhhoto's claims are untimely and legally deficient.
Phhhoto's federal antitrust claim is subject to a four-year limitations period.  ECF No. 27-1 at 7-
8.  So too is Phhhoto's New York common-law fraud claim, as it is incidental to the antitrust
claim.  *See id.* at 16-17.  Phhhoto's New York unfair competition claim is subject to a three-year
limitations period.  *See id.* at 15-16.  These claims accrued, if at all, no later than April 2016,
when the last alleged act – Instagram's adoption of an algorithmic newsfeed – supposedly
injured Phhhoto.  Consequently, Phhhoto's claims all expired by April 2020 – more than a year
before it sued.  Other federal courts have dismissed as time-barred complaints based on some of
the same alleged conduct, and this case is no different.  *See id.* at 8 (collecting cases).

Phhhoto's claims also fail as a matter of law.  Phhhoto's antitrust claim fails because its
theory of harm – that Meta failed to promote Phhhoto on Facebook and Instagram – is foreclosed
by controlling precedent, which recognizes that Section 2 of the Sherman Act generally imposes
"no duty to aid competitors."  *Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*, 540
U.S. 398, 411 (2004); *see* ECF No. 27-1 at 17-23.  Phhhoto's fraud claim fails because it does
not allege any false statements that Phhhoto relied on to its detriment.  ECF No. 27-1 at 27-29.
And its unfair competition claim fails because Phhhoto does not allege any misappropriation.
*See id.* at 29-30.  The Court should rule on these substantial, case-dispositive arguments before
discovery begins.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Magistrate Bloom
March 14, 2023
Page 3

*Discovery would unnecessarily burden Meta.*  The Supreme Court has cautioned against rushing to discovery in antitrust cases given the "unusually high cost" and "extensive scope" of such cases.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007).  For those reasons, courts routinely stay discovery pending the resolution of motions to dismiss in antitrust actions.  *See*, *e.g.*, *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *3 (S.D.N.Y. Nov. 17, 2015); *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *Port Dock & Stone*, 2006 WL 897996, at *2; *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *1 (S.D.N.Y. Mar. 7, 1996).  The Court should do the same here.  Phhhoto's 222-paragraph amended complaint challenges a hodgepodge of conduct that occurred more than five years ago.  Discovery into these stale events will necessarily be costly and time-consuming.  Phhhoto has proposed that (as a first step) Meta hand over discovery it has produced in another case, but because that case involves unrelated conduct and a much broader time period, Meta would have to re-review millions of pages of documents for their relevance to this case – a very costly and burdensome process.  None of this discovery, however, will be necessary if the Court grants Meta's motion to dismiss.

*Staying discovery will not unfairly prejudice Phhhoto.*  Phhhoto will suffer no unfair prejudice if discovery is temporarily stayed while the Court considers Meta's motion to dismiss.  Phhhoto waited more than four years after the alleged conduct to sue and made no effort to initiate discovery until a year after filing its amended complaint.  Having taken its time, Phhhoto cannot show a compelling need for immediate discovery.  Regardless, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  *Spinelli*, 2015 WL 7302266, at *2.  Staying discovery also "would not disrupt the progress of ongoing discovery," because Phhhoto has not served any discovery demands on Meta.  *Contracto Ltd. v. Fast Search & Transfer Int'l, AS*, 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012).  And because the alleged conduct occurred years ago, granting a short stay will not affect what witnesses remember.  *See Commodities Cotton*, 2013 WL 1907738, at *7 (fading memories "affect all the parties equally" and so do not establish unfair prejudice).  Phhhoto therefore cannot establish a stay will result in unfair prejudice.  *See id.* (staying discovery where "plaintiffs failed to demonstrate that a short delay in discovery will impose any unfair prejudice on them").

The Court should stay discovery pending the resolution of Meta's motion to dismiss.

Respectfully submitted,

/s/ Aaron M. Panner
Aaron M. Panner

cc:  Counsel of record (via ECF)