**HAUSFELD**

**Scott Martin**
Partner

33 Whitehall Street
14th Floor
New York, NY 10004

T: +1 646 357 1100
F: +1 646 357 1195
E: smartin@hausfeld.com

March 17, 2023

**BY ECF**
Hon. Lois Bloom
Chief Magistrate Judge
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *PHHHOTO Inc. v. Meta Platforms, Inc. et al.*, No. 1:21-cv-06159 (KAM) (LB)

Dear Judge Bloom:

On behalf of Plaintiff PHHHOTO Inc. ("Phhhoto"), we oppose the motion of Defendant Meta Platforms, Inc. ("Meta") to stay all discovery in deference to its motion to dismiss. ECF No. 32. A "stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion." *Fahey v. Inc. Vill. of Manorhaven,* No. 22-cv-7041-KAM-JMW, 2023 WL 2021019, at *1 (E.D.N.Y. Feb. 15, 2023); *see ADL, LLC v. Tirakian*, No. 2006-cv-5076(SJF)(MDG), 2007 WL 1988751, at *2 (E.D.N.Y. July 5, 2007) (defendants' statute of limitations argument involved factual issues unlikely to be decided on the pleadings). Here, Meta's motion fails at the threshold because it has not made the requisite strong showing that Phhhoto's claims are unmeritorious. Further, Phhhoto seeks no undue discovery burden.

**Background.** After noting the statute of limitations argument at the pre-motion conference concerning Meta's intended motion to dismiss,[1] the Court indicated that it appeared Phhhoto "ha[s] a pretty good claim" under the antitrust laws. Conf. Tr. (Mar. 10, 2022) 11:10-12. However, Meta proceeded with full briefing on its motion and, as summarized below, Phhhoto underscored not only the strength of its substantive claims but also the factual issues demonstrating why they were timely filed. And in response to the Court's direction that the parties explore settlement (*see id.* at 16:8-17:8), Phhhoto tried unsuccessfully to initiate such discussions with Meta.

Accordingly, Phhhoto thereafter sought to commence discovery. Because Phhhoto's case is straightforward and can be proven through direct evidence of exclusion of competition, its intended discovery will not be unduly burdensome nor does Phhhoto contemplate any substantial expansion of discovery limitations under the Federal Rules of Civil Procedure, which it indicated in the parties' Rule 26(f) conference. By way of example, Phhhoto offered that Meta could provide a copy of its production in another ongoing monopolization case (with all rights and objections preserved), which Phhhoto could take into account in fashioning document requests and postpone any depositions in the interim.

Meta, however, has insisted that only a complete stay of discovery is appropriate, and this motion followed.

---

[1] At the pre-motion conference, contrary to Meta's implication (Mot. at 1), the Court did not "observe[] that Phhhoto's antitrust claim was likely time-barred" but rather sought a response to Meta's statute of limitations argument. *See* Conf. Tr. (Mar. 10, 2022) 3:7-5:3.

hausfeld.com

**AMSTERDAM | BERLIN | BOSTON | BRUSSELS | DÜSSELDORF | LONDON | NEW YORK | PARIS | PHILADELPHIA | SAN FRANCISCO | STOCKHOLM | WASHINGTON, DC**

**Meta has failed to make the required "strong showing" that Phhhoto's claims are unmeritorious.** To obtain a stay of discovery, the moving party bears the burden of demonstrating good cause, which includes "a strong showing that the plaintiff's claim is unmeritorious." *ADL, LLC*, 2007 WL 1988751, at *1. In assessing this standard, courts generally consider whether a complaint appears to be "facially without merit." *Bennett v. Cuomo*, No. 22-cv-7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023). Cases relied upon by Meta for issuances of stays are not to the contrary.[2]

Here, the inherently factual issues underlying Meta's statute of limitations defense are "not properly decided on a motion to dismiss." *See* Opp. to Mot. to Dismiss, ECF No. 28, at 16 (quoting *Hinds Cnty. v. Wachovia Bank N.A.*, 700 F. Supp. 2d 378, 399-400 (S.D.N.Y. 2010)). And in any event, Phhhoto has pled extensive facts to show that its claims were timely. Meta's statute of limitations arguments ignore Phhhoto's allegations that it did not learn of Meta's anticompetitive algorithmic content suppression, despite all due diligence, until at least October 25, 2017, and that its antitrust claims consequently were filed within the four-year statute of limitations. ECF No. 22 ("Am. Compl.") ¶¶ 92, 104-112; *see* ECF No. 28, at 18-23. Phhhoto's claims are also timely under the fraudulent concealment and continuing violations doctrines. *See* Am. Compl. ¶¶ 188-98; ECF No. 28, at 16-24.

Meta fares no better by reiterating other arguments in its motion to dismiss, particularly ones directed only to a subset of claims. A motion to stay discovery is properly denied where a plaintiff has "pled concrete facts and law to support all of [its] arguments" even if there are "strong arguments on both sides." *Guiffre v. Maxwell*, No. 15-cv-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016). As explained in Phhhoto's opposition to the motion to dismiss, Meta's attempt to mischaracterize Phhhoto's case as a mere refusal to deal with a competitor ignores Phhhoto's well-pleaded allegations that Meta engaged in an anticompetitive course of conduct which must be analyzed as a whole. ECF No. 28 at 3, 5, 7-13. That "anti-competitive conduct . . . reasonably appears to be a significant contribution to maintaining monopoly power." *United States v. Dentsply Intern, Inc*., 399 F.3d 181, 187 (3d Cir. 2005) (citing *United States v. Microsoft Corp*., 253 F.2d 34, 79 (D.C. Cir. 2001)).

**Meta has not demonstrated that discovery would be unnecessarily burdensome.** Even if Meta satisfied a strong showing that Phhhoto's claims are facially unmeritorious (which it has not),

---

[2] *See, e.g.*, *Elnenaey v. JP Morgan Chase Bank, N.A*., No. 20-cv-5430 (DG)(LB), 2021 WL 7908626, at *1 (E.D.N.Y. Oct. 7, 2021) (defendants raised credible jurisdictional defenses to *pro se* plaintiff's claims); *In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5126-ALC-KNF, 2013 WL 1907738, at *1–7 (S.D.N.Y. May 8, 2013) (burden of discovery would be significant in consolidated class action involving more than a dozen defendants, seven member actions, and five related actions); *Contracto Ltd. v. Fast Search & Transfer Int'l, AS*, No. 12-cv-1930-JS-ARL, 2012 WL 12252587, at *1–2 (E.D.N.Y. July 12, 2012) (complaint on its face "appear[ed] to fail to state a claim" against a defendant); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115–16 (E.D.N.Y. 2006) (plaintiff filed no opposition and complaint asserting 20 causes of action and naming 16 defendants was facially deficient on "bright line" issues); *Port Dock & Stone Corp. v. Oldcaster Ne., Inc*., No. 05-cv-4294-DRH-ETB, 2006 WL 897996, at *1–2 (E.D.N.Y. Mar. 31, 2006) (defendants credibly argued that the court lacked personal jurisdiction over the defendants and some defendants were not properly served); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-cv-2120(LMM)(AJP), 1996 WL 101277, at *1–4 (S.D.N.Y. Mar. 7, 1996) (Second Circuit had recently dismissed a similar claim for lack of standing).

Phhhoto has directly expressed its willingness to consider any reasonable proposals to limit discovery burdens, and Phhhoto even has expressly suggested that it would review the production made in another monopolization case against Meta before propounding any written discovery here. Such documents, or those in governmental investigations concerning issues of market definition and competitive analysis, have already been reviewed for confidentiality and privilege and would pose little burden to reproduce here. *See*, *e.g.*, *In re: Diisocyanates Antitrust Litig*. No. 2:18-mc-01001-DWA, MDL No. 2862 (W.D. Penn. Jan. 15, 2019), ECF No. 149 (concluding "the cost of production and the burden of producing the records should be minimal due to the previous production"); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, 2017 WL 4417447, at *6 (N.D. Ill. Sept. 28, 2017) (concluding there "is at most [a] minimal burden involved in producing" documents already produced to the DOJ).

Meta, however, has declined to engage on any path other than a complete stay pending disposition of the motion to dismiss. But Meta has made no evidentiary showing concerning, for example, even the *number* of documents in its possession that refer or relate to Phhhoto – let alone why anything short of a complete stay of all discovery would result in undue burden. Under these circumstances, it is not enough for Meta merely to assert that this case involves an antitrust claim: "[n]ormal discovery in a limited matter does not alone rise to the level of good cause" required to warrant a stay. *Guiffre*, 2016 WL 254932 at *2. Rather, the Court should permit Phhhoto to engage in reasonable discovery, as is presumed under the Federal Rules, without imposing undue burdens. *See Fahey*, 2023 WL 2021019, at *2.

**Phhhoto is entitled to the ordinary course of discovery.** Because Meta has not borne its burden on both the required *strong showing* that Phhhoto's claims are unmeritorious and that anything other than no discovery *at all* would be overbroad and unduly burdensome, it cannot prevail on its motion, even if the Court were to presume no prejudice would result. "[L]ack of prejudice alone does not merit a stay." *Bennett*, 2023 WL 2021560, at *5; *see Guiffre*, 2016 WL 254932, at *2. In the absence of any settlement discussions, Phhhoto should be permitted to pursue discovery, both in aid of the ultimate resolution of its claims without further delay and to ensure the proper preservation of evidence.

The Court should deny Meta's motion and permit discovery to proceed.

Respectfully submitted,

*/s/ Scott Martin*
Scott Martin

cc: Counsel of Record (by ECF)