IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PHHHOTO INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>META PLATFORMS, INC. f/k/a<br>FACEBOOK, INC., and DOES Nos. 1-7,<br><br>          Defendants. | Case No. 1:21-cv-06159-KAM-SDE |

## <u>META PLATFORMS, INC.'S ANSWER AND DEFENSES<br>TO PHHHOTO INC.'S AMENDED COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 12(a), Defendant Meta Platforms, Inc.

("Meta"), by and through its undersigned counsel, submits its Answer and Defenses to Plaintiff

Phhhoto Inc.'s ("Phhhoto") Amended Complaint dated March 21, 2022 (the "Amended

Complaint") in the above-captioned action as follows:

### ANSWER

Each Paragraph below corresponds to the same-numbered Paragraph in the Complaint.

All allegations not expressly admitted are denied.  Meta does not interpret the headings or

preamble in the Complaint as well-pleaded allegations to which any response is required.  To the

extent that a response is required to the headings or preamble, Meta denies all such allegations in

the headings and preamble. Unless otherwise defined, capitalized terms refer to the capitalized

terms defined in the Complaint, but any such use is not an acknowledgment or admission of any

characterization Phhhoto may ascribe to the terms.

Meta notes that the state-law claims for common-law fraud (Count Two) and unfair

competition (Count Three) originally asserted in the Complaint have been voluntarily dismissed

with prejudice by stipulation of the parties, so-ordered by the Court on March 7, 2025, leaving only Count One, asserting unlawful monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2. Meta further notes that the Court's March 30, 2026, Order on Meta's renewed motion to dismiss, *See* Dkt. 61, narrowed the scope of Plaintiff's antitrust claim, holding that the following allegations do not support any claim under Section 2: (a) Meta's alleged failure to integrate Phhhoto into Facebook's News Feed; (b) Meta's alleged removal of pre-populated hashtags; and (c) the alleged attempted recruitment of Phhhoto employees. Only three categories of alleged anticompetitive conduct survive the motion to dismiss: (1) Meta's alleged termination of Phhhoto's access to Instagram's Find Friends API; (2) Meta's release of the Boomerang app; and (3) Meta's alleged algorithmic suppression of "phhhotos" posted by Instagram users.

1. Meta lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 1, many of which are vague and conclusory, and Meta therefore denies them.

2. Meta lacks sufficient knowledge or information to form a belief regarding the allegations in Paragraph 2 and therefore denies them.

3. Meta lacks sufficient knowledge or information to form a belief as to allegations regarding how Phhhoto was downloaded, on what operating systems it was available, or how it was "described" or "billed," and therefore denies those allegations. Meta denies the remaining allegations of Paragraph 3.

4. Meta admits that Mark Zuckerberg is the CEO of Meta Platforms, Inc. (formerly known as Facebook, Inc.). Meta lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 4 and therefore denies them.

5.      Meta admits that Kevin Systrom was formerly the co-founder and CEO of Instagram and that he was head of Instagram as of December 2014.  Meta lacks sufficient knowledge or information regarding the alleged activities on the Phhhoto platform of former Meta employees Systrom, Hurren, Barnett, and Choi and therefore denies the remaining allegations in Paragraph 5.

6.      Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's monthly average user counts and therefore denies the allegations of Paragraph 6.

7.      Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the posting behavior of Phhhoto users and celebrity usage of the Phhhoto app and therefore denies the allegations of Paragraph 7.

8.      No response to Paragraph 8 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market."  *See* Dkt. 61 at 36 (Order denying Meta's renewed motion to dismiss).  To avoid any doubt, Meta denies the allegations of Paragraph 8 as irrelevant to the case to the extent a response is required.

9.      To the extent the allegations of Paragraph 9 relate to "Phhhoto's 'failed integration'" claim and/or its claim regarding "pre-populated hashtags," no response is required because the Court has held that those allegations do not support any claim under Section 2.  To avoid any doubt, Meta denies such allegations as irrelevant to the case to the extent a response is required.  Meta admits that it withdrew aspects of interoperability with the Instagram platform that it had previously provided to Phhhoto.  Meta denies the remaining allegations of Paragraph 9.

10. Meta denies the allegations of Paragraph 10.

11. Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's actions or state of mind and therefore denies those allegations. Meta denies the remaining allegations of Paragraph 11.

12. Meta admits that it acquired Instagram in 2012. Meta denies the remaining allegations of Paragraph 12.

13. Meta lacks information sufficient to form a belief as to the truth of the allegation that Phhhoto shut down in 2017 and therefore denies that allegation. Meta denies the remaining allegations of Paragraph 13.

14. Paragraph 14 purports to state conclusions of law to which no response is required. To the extent that a response is required, Meta denies the allegations of Paragraph 14.

15. No response to Paragraph 15 is required because Plaintiff's fraud and unfair competition claims have been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025. *See* Dkt. 47. To avoid any doubt, Meta denies the allegations of Paragraph 15 as irrelevant to the case to the extent a response is required.

16. Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's operations, origins, headquarters, user metrics, or other corporate details, and therefore denies the allegations of Paragraph 16.

17. Paragraph 17 contains description of terminology and characterizations to which no response is required. Meta admits the factual allegations of the first two sentences of Paragraph 17.

18. Meta admits that it provides online services through the Facebook and Instagram platforms, among others; that Facebook enables people to, among other things, connect, share,

4

discover, and communicate with each other; that Facebook contains a "News Feed" that displays an algorithmically ranked series of content and includes, among other things, updates from a user's connections as well as targeted advertisements; that Instagram allows, among other things, users to share photos, videos, and messages; that Meta announced its acquisition of Instagram in April 2012; and that Messenger allows, among other things, users to send messages that include photos, videos, and messages. Meta otherwise denies the allegations of Paragraph 18.

19. Meta admits that a substantial portion of its revenue derives from targeted advertising. Meta respectfully directs the Court to its public filings for publicly available revenue figures and denies the remaining allegations of Paragraph 19.

20. Meta admits Paragraph 20.

21. Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Doe Defendants 1-7 and Plaintiff's intention to amend the complaint and therefore denies the allegations of Paragraph 21.

22. Paragraph 22 purports to state conclusions of law to which no response is required. To the extent that a further response is required, Meta admits that Plaintiff purports to bring this action under Section 2 of the Sherman Antitrust Act. The state-law claims referenced in Paragraph 22 have been dismissed with prejudice.

23. Paragraph 23 purports to state conclusions of law to which no response is required. To the extent that a response is required, Meta admits that it operates in interstate commerce.

24. Paragraph 24 purports to state conclusions of law to which no response is required. To the extent that a response is required, Meta notes that the state-law claims referenced in Paragraph 24 have been dismissed with prejudice.

25.     Paragraph 25 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta admits that it transacts business within this judicial district.

26.     Paragraph 26 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta admits that it transacts business within this judicial district.

27.     Meta admits that it began in 2004 with Facebook as a desktop application; that the first Apple smartphone was released in 2007; and that in 2007 Facebook sold Microsoft an equity stake for $240 million.  Meta otherwise denies the allegations of Paragraph 27.

28.     Meta admits that in 2007 Facebook released services, tools, and products for third-party developers to create their own applications and services that interoperated with Facebook.  Admitted that the quoted language has been attributed to Mr. Zuckerberg.  Meta otherwise denies the allegations of Paragraph 28.

29.     Meta admits that Instagram launched in 2010 as a photo-sharing application and that Instagram adopted features enabling interoperability with other applications.  Meta otherwise denies the allegations of Paragraph 29.

30.     Meta admits that it announced its acquisition of Instagram on or around April 9, 2012, for approximately $1 billion.  Meta otherwise denies the allegations of Paragraph 30.

31.     Meta admits that it launched Facebook Camera in May 2012 and that Mr. Zuckerberg discussed a video-first strategy on a July 2016 earnings call.  Meta otherwise denies the allegations of Paragraph 31.

32.     Meta admits that in 2007 it launched "Facebook Platform," which introduced APIs that allowed for certain types of interoperability with third-party apps.  Meta admits that

6

Facebook Platform allowed third party app developers to create apps that interoperated with Facebook.  Meta denies the remaining allegations of Paragraph 32.

33.    Meta admits that the cited statement contains the quoted words and respectfully refers the Court to that statement for a complete and accurate description of its contents.  Meta denies the remaining allegations in Paragraph 33.

34.    Meta admits that Instagram adopted features that allowed developers to design apps to share content directly to Instagram, including with pre-populated hashtags.  Meta otherwise denies Paragraph 34.

35.    Meta admits that the cited article includes the quoted language and respectfully directs the Court to that article for a complete and accurate statement of its contents.  Meta otherwise denies Paragraph 35.

36.    Meta admits that it ran Facebook and Instagram as platforms with interoperability features.  Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding third-party developers' reliance on those features and therefore denies those allegations.  Meta otherwise denies the allegations of Paragraph 36.

37.    Meta denies the allegations of Paragraph 37.

38.    Meta admits that the quoted words appear in documents produced by Meta in other litigation and respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding an unidentified 2016 survey and therefore denies them.  Meta denies the remaining allegations of Paragraph 38.

39.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's origins, initial business model, and purported appeal, and therefore denies the allegations of Paragraph 39.

40.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's technological features and design and therefore denies the allegations of Paragraph 40.

41.     Meta denies the allegations of Paragraph 41.

42.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's user registrations and growth, Looksery's user registrations and growth, or Looksery's acquisition by Snapchat, and therefore denies the allegations of Paragraph 42.

43.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's DAU/MAU metrics or the purported perception of those metrics and therefore denies the allegations of Paragraph 43.

44.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's growth rates, user engagement, or cohort retention statistics, and therefore denies the allegations of Paragraph 44.

45.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's product features and business model and therefore denies the allegations of Paragraph 45.

46.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's user and engagement metrics and therefore denies the allegations of Paragraph 46.

47.      Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's purported reliance on Meta's apps and statements and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 47.

48.      Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's business operations and therefore denies the allegations of Paragraph 48.

49.      Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's business operations and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 49.

50.      Meta denies the allegations of Paragraph 50.

51.      Meta denies the allegations of Paragraph 51.

52.      No response to Paragraph 52 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market."  *See* Dkt. 61 at 36.  To avoid any doubt, Meta denies the allegations of Paragraph 52 as irrelevant to the case to the extent a response is required.

53.      No response to Paragraph 53 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market."  *See* Dkt. 61 at 36.  To avoid any doubt, Meta denies the allegations of Paragraph 53 as irrelevant to the case to the extent a response is required.

54.      No response to Paragraph 54 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market."  *See* Dkt. 61 at 36.  To avoid any doubt, Meta denies the allegations of Paragraph 54 as irrelevant to the case to the extent a response is required.

55.     No response to Paragraph 55 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market." *See* Dkt. 61 at 36.  To avoid any doubt, Meta denies the allegations of Paragraph 55 as irrelevant to the case to the extent a response is required.

56.     No response to Paragraph 56 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market." *See* Dkt. 61 at 36.  To avoid any doubt, Meta denies the allegations of Paragraph 56 as irrelevant to the case to the extent a response is required.

57.     No response to Paragraph 57 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market." *See* Dkt. 61 at 36.  To avoid any doubt, Meta denies the allegations of Paragraph 57 as irrelevant to the case to the extent a response is required.

58.     No response to Paragraph 58 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market." *See* Dkt. 61 at 36.  To avoid any doubt, Meta denies the allegations of Paragraph 58 as irrelevant to the case to the extent a response is required.

59.     No response to Paragraph 59 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market." *See* Dkt. 61 at 36.  To avoid any doubt, Meta denies the allegations of Paragraph 59 as irrelevant to the case to the extent a response is required.

60.     No response to Paragraph 60 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the

PSNS market." *See* Dkt. 61 at 36. To avoid any doubt, Meta denies the allegations of Paragraph 60 as irrelevant to the case to the extent a response is required.

61. No response to Paragraph 61 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market." *See* Dkt. 61 at 36. To avoid any doubt, Meta denies the allegations of Paragraph 61 as irrelevant to the case to the extent a response is required.

62. No response to Paragraph 62 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market." *See* Dkt. 61 at 36. To avoid any doubt, Meta denies the allegations of Paragraph 62 as irrelevant to the case to the extent a response is required.

63. No response to Paragraph 63 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market." *See* Dkt. 61 at 36. To avoid any doubt, Meta denies the allegations of Paragraph 63 as irrelevant to the case to the extent a response is required.

64. No response to Paragraph 64 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market." *See* Dkt. 61 at 36. To avoid any doubt, Meta denies the allegations of Paragraph 64 as irrelevant to the case to the extent a response is required.

65. Meta admits that it withdrew Phhhoto's access to Instagram's Find Friends API. Meta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65 and therefore denies them.

66. Meta denies the allegations of Paragraph 66.

67.     Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bennett's actions, oral communications between Bennett and Hurren, and Phhhoto's state of mind, and therefore denies those allegations.  Meta admits that the quoted words appear in emails between Hurren and Bennett that have been produced in other litigation and respectfully refers the Court to the emails for a complete and accurate description of their contents.  Meta denies the remaining allegations of Paragraph 67.

68.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the consequences to Phhhoto of Instagram's withdrawal of API access and therefore denies them.  Meta denies the remaining allegations of Paragraph 68.

69.     No response to Paragraph 69 is required because the Court has held that Phhhoto's "allegations regarding the termination of pre-filled hashtags . . . do not survive Meta's motion to dismiss."  *See* Dkt. 61 at 39.  To avoid any doubt, Meta denies the allegations of Paragraph 69 as irrelevant to the case to the extent a response is required.

70.     No response to Paragraph 70 is required because the Court has held that Phhhoto's "allegations regarding the termination of pre-filled hashtags . . . do not survive Meta's motion to dismiss."  *See* Dkt. 61 at 39.  To avoid any doubt, Meta denies the allegations of Paragraph 70 as irrelevant to the case to the extent a response is required.

71.     No response to Paragraph 71 is required because the Court has held that Phhhoto's "allegations regarding the termination of pre-filled hashtags . . . do not survive Meta's motion to dismiss."  *See* Dkt. 61 at 39.  To avoid any doubt, Meta denies the allegations of Paragraph 71 as irrelevant to the case to the extent a response is required.

72.     No response to Paragraph 72 is required because the Court has held that Phhhoto's "allegations regarding the termination of pre-filled hashtags . . . do not survive Meta's

motion to dismiss." *See* Dkt. 61 at 39. To avoid any doubt, Meta denies the allegations of Paragraph 72 as irrelevant to the case to the extent a response is required.

73. No response to Paragraph 73 is required because the Court has held that Phhhoto's "allegations regarding the termination of pre-filled hashtags . . . do not survive Meta's motion to dismiss." *See* Dkt. 61 at 39. To avoid any doubt, Meta denies the allegations of Paragraph 73 as irrelevant to the case to the extent a response is required.

74. No response to Paragraph 74 is required because the Court has held that Phhhoto's "allegations regarding the termination of pre-filled hashtags . . . do not survive Meta's motion to dismiss." *See* Dkt. 61 at 39. To avoid any doubt, Meta denies the allegations of Paragraph 74 as irrelevant to the case to the extent a response is required.

75. No response to Paragraph 75 is required because the Court has held that Phhhoto's "allegations regarding the termination of pre-filled hashtags . . . do not survive Meta's motion to dismiss." *See* Dkt. 61 at 39. To avoid any doubt, Meta denies the allegations of Paragraph 75 as irrelevant to the case to the extent a response is required.

76. Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's Android launch and public relations plan and therefore denies the allegations of Paragraph 76.

77. Meta admits that it announced the Boomerang Video App on October 22, 2015. Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding John Barnett's use of Phhhoto and the alleged blog post on Fstoppers and therefore denies those allegations. Meta denies the remaining allegations of Paragraph 77.

78.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the press coverage received by Phhhoto at the time of its Android launch and therefore denies the allegations of Paragraph 78.

79.     Meta denies the allegations of Paragraph 79.

80.     Meta denies the allegations of Paragraph 80.

81.     Meta admits that posts on Instagram from Boomerang were originally accompanied by a "Made with Boomerang" label and a download link.  Meta further admits that the cited TechCrunch article contains the quoted words and respectfully refers the Court to that article for a complete and accurate description of its contents.

82.     Meta admits that when Boomerang was first introduced, the Boomerang label and link could not be removed or edited by the user creating the post.   No response to the remaining allegations in Paragraph 82 is required because the Court has held that Phhhoto's "allegations regarding the termination of pre-filled hashtags . . . do not survive Meta's motion to dismiss." *See* Dkt. 61 at 39.  To avoid any doubt, Meta denies the remaining allegations of Paragraph 82 as irrelevant to the case to the extent a response is required.

83.     Meta denies the allegations of Paragraph 83.

84.     Meta admits that the standalone Boomerang app was removed from the Apple App Store and the Google Play Store on or around March 1, 2022.  Meta otherwise denies the allegations of Paragraph 84.

85.     Meta admits that, prior to March 2016, Instagram displayed posts in reverse chronological order and that in March 2016 it announced that it would display posts to users using an algorithm intended to optimize the order of posts for the content a user would most likely be interested in.  Meta otherwise denies the allegations of Paragraph 85.

14

86.     Meta admits that it issued a press release in 2016 regarding Instagram's introduction of the algorithmic feed.  Meta admits that the press release included the quoted language and respectfully directs the Court to that press release for a complete and accurate statement of its contents.  Meta otherwise denies the allegations of Paragraph 86.

87.     Meta admits that Instagram's transition to an algorithmic feed was reported in the press.  Meta admits that the cited New York Times article includes the quoted language and respectfully directs the Court to that article for a complete and accurate statement of its contents.  Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the advice given, beliefs held, and expectations of Phhhoto regarding Instagram's algorithmic feed, and Meta therefore denies the remaining allegations of Paragraph 87.

88.     Meta admits that the cited New York Times article includes the quoted statement from Kevin Systrom and respectfully directs the Court to that article for a complete and accurate statement of its contents.  The remaining allegations in Paragraph 88 constitute argument to which no response is required; to the extent a response is required, Meta denies the remaining allegations of Paragraph 88.

89.     The allegations in Paragraph 89 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 89.

90.     Meta admits that in March 2016, Meta implemented an algorithmic feed on Instagram and that posts in users' Instagram feeds were ordered based on an algorithmic formula.  The remaining allegations of Paragraph 90 constitute argument to which no response is required; to the extent a response is required, Meta denies the remaining allegations of Paragraph 90.

15

91.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's user registrations, user engagement, or App Store rankings, and therefore denies the allegations of Paragraph 91.

92.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's internal efforts to diagnose its declining metrics and therefore denies those allegations of Paragraph 92.  Meta otherwise denies the allegations of Paragraph 92.

93.     Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's actions and state of mind and therefore denies the allegations of Paragraph 93.

94.     Meta admits that the cited articles include the quoted statements and respectfully directs the Court to those articles for a complete and accurate statement of their contents.  The remaining allegations of Paragraph 94 constitute argument to which no response is required; to the extent a response is required, Meta denies the remaining allegations of Paragraph 94.

95.     The allegations of Paragraph 95 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 95.

96.     Meta denies the allegations of Paragraph 96.

97.     Meta denies the allegations of Paragraph 97.

98.     No response to Paragraph 98 is required because the Court has held that "Phhhoto's allegation that Meta attempted to poach Phhhoto's employees to thwart competition fails to survive Meta's motion to dismiss."  Opinion at 42.  To avoid any doubt, Meta denies the allegations of Paragraph 98 as irrelevant to the case to the extent a response is required.

99.     No response to Paragraph 99 is required because the Court has held that "Phhhoto's allegation that Meta attempted to poach Phhhoto's employees to thwart competition

16

fails to survive Meta's motion to dismiss." See Dkt. 61 at 42. To avoid any doubt, Meta denies the allegations of Paragraph 99 as irrelevant to the case to the extent a response is required.

100. No response to Paragraph 100 is required because the Court has held that "Phhhoto's allegation that Meta attempted to poach Phhhoto's employees to thwart competition fails to survive Meta's motion to dismiss." See Dkt. 61 at 42. To avoid any doubt, Meta denies the allegations of Paragraph 100 as irrelevant to the case to the extent a response is required.

101. No response to Paragraph 101 is required because the Court has held that "Phhhoto's allegation that Meta attempted to poach Phhhoto's employees to thwart competition fails to survive Meta's motion to dismiss." *See* Dkt. 61 at 42. To avoid any doubt, Meta denies the allegations of Paragraph 101 as irrelevant to the case to the extent a response is required.

102. No response to Paragraph 102 is required because the Court has held that "Phhhoto's allegation that Meta attempted to poach Phhhoto's employees to thwart competition fails to survive Meta's motion to dismiss." *See* Dkt. 61 at 42. To avoid any doubt, Meta denies the allegations of Paragraph 102 as irrelevant to the case to the extent a response is required.

103. No response to Paragraph 103 is required because the Court has held that "Phhhoto's allegation that Meta attempted to poach Phhhoto's employees to thwart competition fails to survive Meta's motion to dismiss." *See* Dkt. 61 at 42. To avoid any doubt, Meta denies the allegations of Paragraph 103 as irrelevant to the case to the extent a response is required.

104. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104 and therefore denies them.

105. Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 and therefore denies them.

106.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106 and therefore denies them.

107.    Meta denies the allegations of Paragraph 107.

108.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Boomerang's ranking in the Apple App Store and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 108.

109.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109 and therefore denies them.

110.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 110 and therefore denies them.

111.    The allegations in Paragraph 111 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 111.

112.    Meta admits that Instagram's feed algorithm seeks to display content to a user that the user will be most interested in.  Meta further admits that the cited TechCrunch article describes a 2018 press conference in which Instagram described features of its algorithm to reporters, and respectfully refers the Court to that article for a complete and accurate description of its contents.  Meta otherwise denies the allegations of Paragraph 112.

113.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Bennett's purported communications with an unnamed Meta employee in December 2018 and therefore denies the allegations regarding those purported communications. The remaining allegations of Paragraph 113 constitute argument to which no response is required; to the extent a response is required, Meta denies the remaining allegations of Paragraph 113.

18

114.    Meta admits that on September 21, 2021, the New York Times published an article regarding "Project Amplify," and respectfully directs the Court to that article for a complete and accurate statement of its contents.  Meta otherwise denies the allegations of Paragraph 114.

115.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the cited article and therefore denies the allegations of Paragraph 115.

116.    Meta admits that the quoted words in Paragraph 116 appear in the cited public statement and respectfully refers the Court to that public statement for a complete and accurate description of its contents.  Meta otherwise denies the allegations of Paragraph 116.

117.    Meta denies the allegations of Paragraph 117.

118.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's user engagement, press coverage, and investors and therefore denies the allegations related to those topics.  Meta denies the remaining allegations of Paragraph 118.

119.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119 and therefore denies them.

120.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 and therefore denies them.

121.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121 and therefore denies them.

122.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122 and therefore denies them.

123.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123 and therefore denies them.

124.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124 and therefore denies them.

125.    Meta lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 and therefore denies them.

126.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the user data, fundraising, and valuations of Poparazzi and VSCO, and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 126.

127.    The allegations of paragraph 127 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 127.

128.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's shutdown and its employees' and users' subsequent actions and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 128.

129.    Meta denies the allegations of Paragraph 129.

130.    Meta denies the allegations of Paragraph 130.

131.    Meta admits that it withdrew API access from Path, Circle, and Tiiny.  Meta otherwise lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the operations of Path, Circle, or Tiiny and therefore denies the remaining allegations of Paragraph 131.

132.    Meta incorporates its responses to prior paragraphs as if fully set forth herein to the extent that Paragraph 132 restates allegations from those prior paragraphs.  Meta otherwise denies the allegations of Paragraph 132.

133.    Meta admits that a committee of the U.K. Parliament publicly released certain confidential Meta documents on December 5, 2018.  Meta otherwise denies the allegations of Paragraph 133.

134.    Meta admits that on or about December 4, 2018, it amended certain platform policies including by removing a clause that restricted developers who replicated core functionality that Facebook already provides from accessing certain APIs.  Meta admits that it restricted Circle's access to certain Meta APIs.  The remaining allegations of Paragraph 134 constitute argument to which no response is required; to the extent a response is required, Meta denies the remaining allegations of Paragraph 134.

135.    Paragraph 135 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 135.

136.    Paragraph 136 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 136.

137.    Meta denies the allegations of Paragraph 137.

138.    Meta denies the allegations of Paragraph 138.

139.    Meta denies the allegations of Paragraph 139.

140.    Meta denies the allegations of Paragraph 140.

141.    Meta denies the allegations of Paragraph 141.

142.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the manner in which users may use other apps and therefore denies them.  Meta otherwise denies the allegations of Paragraph 142.

143.    Meta denies the allegations of Paragraph 143.

144.    Meta denies the allegations of Paragraph 144.

145.    Meta denies the allegations of Paragraph 145.

146.    Meta admits that the quoted words appear in documents produced by Meta in other litigation and respectfully refers the Court to those documents for a complete and accurate description of their contents.  Meta denies the characterizations of those emails and denies the remaining allegations in Paragraph 146.

147.    Meta admits that the quoted words appear in a document produced by Meta in other litigation and respectfully refers the Court to that document for a complete and accurate description of its contents.  Meta denies the characterizations of that statement in Paragraph 147 and denies the remaining allegations in Paragraph 147.

148.    Paragraph 148 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies Paragraph 148.

149.    Paragraph 149 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies that it possesses or has possessed monopoly power.

150.    Paragraph 150 purports to state conclusions of law to which no response is required.  To the extent that a further response is required, Meta denies the allegations of Paragraph 150.

151.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding publicly reported statistics cited in Paragraph 151 and therefore denies those allegations.  Meta respectfully directs the Court to its public filings for publicly available statistics regarding Meta's users.  Meta denies the remaining allegations of Paragraph 151.

152.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding publicly reported statistics cited in Paragraph 152 and therefore denies

those allegations.  Meta respectfully directs the Court to its public filings for publicly available statistics regarding Meta's users.  Meta denies the remaining allegations of Paragraph 152.

153.    Meta denies the allegations of Paragraph 153.

154.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the publicly reported statistics cited in Paragraph 154 and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 154.

155.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the publicly reported statistics cited in Paragraph 155 and therefore denies those allegations.  Meta respectfully directs the Court to its public filings for publicly available statistics regarding Meta's users.  Meta denies the remaining allegations of Paragraph 155.

156.    Meta lacks knowledge or information sufficient to form a belief as to the accuracy of the alleged statistics regarding Snapchat and therefore denies them.  Meta denies the remaining allegations of Paragraph 156.

157.    Meta admits that it compiles information regarding DAUs, MAUs, and time spent by its users on its platforms.  Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the remaining allegations of Paragraph 157 and therefore denies them.

158.    Paragraph 158 purports to state conclusions of law to which no response is required.  To the extent that a further response is required, Meta denies Paragraph 158.

159.    Meta admits that the quoted language in the block quote appears in its Terms of Service (without emphasis).  Meta respectfully directs the Court to its public filings for publicly available information regarding Meta's revenues.  Meta denies the remaining allegations of Paragraph 159.

160.    Meta denies the allegations of Paragraph 160.

161.    Meta denies the allegations of Paragraph 161.

162.    Paragraph 162 purports to state conclusions of law to which no response is required.  To the extent that a further response is required, Meta denies the allegations of Paragraph 162.

163.    Meta denies the allegations of Paragraph 163.

164.    The allegations in Paragraph 164 constitute argument to which no response is required.  To the extent a response is required, Meta denies the allegations of Paragraph 164.

165.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding the quoted statement, which is unidentified.  The remaining allegations in Paragraph 165 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 165.

166.    The allegations in Paragraph 166 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 166.

167.    The allegations in Paragraph 167 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 167.

168.    The allegations in Paragraph 168 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 168.

169.    The allegations in Paragraph 169 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 169.

170.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's failed advertising strategy and therefore denies them.  The

24

remaining allegations in Paragraph 170 constitute argument to which no response is required; to the extent a response is required, Meta denies the remaining allegations of Paragraph 170.

171. The allegations in Paragraph 171 constitute argument to which no response is required; to the extent a response is required, Meta denies the remaining allegations of Paragraph 171.

172. The allegations in Paragraph 172 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 172.

173. The allegations in Paragraph 173 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 173.

174. Paragraph 174 purports to state conclusions of law to which no response is required. To the extent that a further response is required, Meta denies the allegations of Paragraph 174.

175. Meta denies the allegations of Paragraph 175.

176. Meta denies the allegations of Paragraph 176.

177. Meta denies the allegations of Paragraph 177.

178. Meta denies the allegations of Paragraph 178.

179. Meta denies the allegations of Paragraph 179.

180. Meta denies the allegations of Paragraph 180.

181. Meta denies the allegations Paragraph 181.

182. The allegations in Paragraph 182 constitute argument to which no response is required; to the extent a response is required, Meta denies the allegations of Paragraph 182.

183. Meta denies the allegations of Paragraph 183.

184. Meta denies the allegations of Paragraph 184.

185.   Meta denies the allegations of Paragraph 185.

186.   Paragraph 186 purports to state conclusions of law to which no response is required.  To the extent that a further response is required, Meta denies the allegations of Paragraph 186.

187.   Paragraph 187 purports to state conclusions of law to which no response is required.  To the extent that a further response is required, Meta denies the allegations of Paragraph 187.

188.   Meta denies the allegations of Paragraph 188.

189.   No response to Paragraph 189 is required because the Court has held that "Phhhoto's 'failed integration' allegations do not plausibly state a harm to competition in the PSNS market." *See* Dkt. 61 at 36.  To avoid any doubt, Meta denies the allegations of Paragraph 189 as irrelevant to the case to the extent a response is required.

190.   No response to Paragraph 190 is required because the Court has held that Phhhoto's "allegations regarding the termination of pre-filled hashtags . . . do not survive Meta's motion to dismiss." *See* Dkt. 61 at 39.  To avoid any doubt, Meta denies the allegations of Paragraph 190 as irrelevant to the case to the extent a response is required.

191.   Meta admits that on September 21, 2021, the New York Times published an article regarding "Project Amplify," and respectfully directs the Court to that article for a complete and accurate statement of its contents.  Meta admits that the quoted statement about Instagram's algorithmic feed appeared in a Meta press release and respectfully refers the Court to that statement for a complete and accurate description of its contents.  Meta denies that any of its statements about the algorithmic feed were false, misleading, or fraudulent, or omitted material

facts necessary to make those statements truthful.  Meta further denies that its algorithm suppressed content created on Phhhoto.  Meta denies the remaining allegations of Paragraph 191.

192.    Meta denies the allegations of Paragraph 192.

193.    Meta denies the allegations of Paragraph 193.

194.    Meta denies the allegations of Paragraph 194.

195.    Meta lacks knowledge or information sufficient to form a belief as to the truth of allegations regarding Phhhoto's efforts to investigate the cause of its allegedly declining growth in 2016, and therefore denies those allegations.  Meta denies the remaining allegations of Paragraph 195.

196.    Meta denies the allegations of Paragraph 196.

197.    Meta denies the allegations of Paragraph 197.

198.    Meta denies the allegations of Paragraph 198.

199.    Meta incorporates by reference its responses to Paragraphs 1 through 198 of the Amended Complaint as if fully set forth herein.

200.    Paragraph 200 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 200.

201.    Paragraph 201 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 201.

202.    Paragraph 202 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 202.

203.    Paragraph 203 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 203.

204.    Paragraph 204 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 204.

205.    Paragraph 205 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 205.

206.    Paragraph 206 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 206.

207.    Paragraph 207 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 207.

208.    Paragraph 208 purports to state conclusions of law to which no response is required.  To the extent that a response is required, Meta denies the allegations of Paragraph 208.

209.    No response to Paragraph 209 is required because Plaintiff's fraud claim (Count Two) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025.  *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 209 as irrelevant to the case to the extent a response is required.

210.    No response to Paragraph 210 is required because Plaintiff's fraud claim (Count Two) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025.  *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 210 as irrelevant to the case to the extent a response is required.

211.    No response to Paragraph 211 is required because Plaintiff's fraud claim (Count Two) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025.  *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 211 as irrelevant to the case to the extent a response is required.

28

212.     No response to Paragraph 212 is required because Plaintiff's fraud claim (Count Two) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025. *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 212 as irrelevant to the case to the extent a response is required.

213.     No response to Paragraph 213 is required because Plaintiff's fraud claim (Count Two) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025. *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 213 as irrelevant to the case to the extent a response is required.

214.     No response to Paragraph 214 is required because Plaintiff's fraud claim (Count Two) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025. *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 214 as irrelevant to the case to the extent a response is required.

215.     No response to Paragraph 215 is required because Plaintiff's unfair competition claim (Count Three) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025. *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 215 as irrelevant to the case to the extent a response is required.

216.     No response to Paragraph 216 is required because Plaintiff's unfair competition claim (Count Three) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025. *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 216 as irrelevant to the case to the extent a response is required.

217.     No response to Paragraph 217 is required because Plaintiff's unfair competition claim (Count Three) has been dismissed with prejudice pursuant to the parties' stipulation so-

ordered by the Court on March 7, 2025.  *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 217 as irrelevant to the case to the extent a response is required.

218.    No response to Paragraph 218 is required because Plaintiff's unfair competition claim (Count Three) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025.  *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 218 as irrelevant to the case to the extent a response is required.

219.    No response to Paragraph 219 is required because Plaintiff's unfair competition claim (Count Three) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025.  *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 219 as irrelevant to the case to the extent a response is required.

220.    No response to Paragraph 220 is required because Plaintiff's unfair competition claim (Count Three) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025.  *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 220 as irrelevant to the case to the extent a response is required.

221.    No response to Paragraph 221 is required because Plaintiff's unfair competition claim (Count Three) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025.  *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 221 as irrelevant to the case to the extent a response is required.

222.    No response to Paragraph 222 is required because Plaintiff's unfair competition claim (Count Three) has been dismissed with prejudice pursuant to the parties' stipulation so-ordered by the Court on March 7, 2025.  *See* Dkt. 47.  To avoid any doubt, Meta denies the allegations of Paragraph 222 as irrelevant to the case to the extent a response is required.

Plaintiff's requests for relief, as set forth in its Prayer for Relief, do not contain factual allegations to which any response is required.  To the extent that a further response is required, Meta denies the allegations and requests for relief and denies that Phhhoto has stated a claim for relief or is entitled to any relief, including but not limited to monetary damages, treble damages, punitive damages, attorneys' fees, costs, or any other relief.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof that it would not otherwise bear, Meta reasserts, without limitation, all defenses raised in its Motion To Dismiss and other filings, whether or not separately re-pleaded herein.  Meta also asserts the affirmative and other defenses listed below. In listing the defenses below, Meta does not knowingly or intentionally waive any defenses, including arguments about which issues fall within Plaintiff's burden of proof.  Meta also reserves the right to rely on any affirmative or other defense or claim that may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses or claims.

FIRST AFFIRMATIVE DEFENSE

Each of the actions challenged by Plaintiff had legitimate, procompetitive business justifications.  Meta's conduct produced procompetitive benefits that outweigh any alleged anticompetitive effects.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations under the Sherman Act, 15 U.S.C. § 15b.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the one-year limitations period applicable under Instagram's Terms of Use.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches based on Plaintiff's unreasonable delay in asserting its claims and the resulting prejudice to Meta.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff lacks antitrust standing and has not suffered an "antitrust injury," i.e., injury of the type the antitrust laws were intended to prevent, that flows from the anticompetitive aspects of the challenged conduct.  Any injury Plaintiff suffered resulted from legitimate competition, not from any anticompetitive act.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's alleged injuries, if any, were caused by intervening, independent, and/or superseding causes unrelated to Meta's conduct, including but not limited to market competition from other platforms, Plaintiff's own business failures, and shifts in consumer preferences.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's alleged damages are speculative, remote, and incapable of reasonable estimation, and do not meet the legal standard for recovery of antitrust damages.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff failed to take reasonable steps to mitigate its alleged damages, including by failing to pursue alternative distribution channels, alternative business strategies, or other remedial measures.

**PRAYER FOR RELIEF**

WHEREFORE, Meta respectfully requests that the Court enter judgment:

1.      Denying Plaintiff's requested relief;

2.      Dismissing the Amended Complaint in its entirety, with prejudice;

32

3.   Awarding Meta the costs it has incurred in defending this action and expenses; and

4.   Awarding such other and further relief to Meta as the Court may deem just and proper.

Dated: June 12, 2026

Respectfully submitted,

/s/ *Aaron M. Panner*

Aaron M. Panner (*pro hac vice*)
Silvija A. Strikis (*pro hac vice*)
Kenneth M. Fetterman (*pro hac vice*)
Dennis D. Howe (*pro hac vice*)
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
apanner@kellogghansen.com
sstrikis@kellogghansen.com
kfetterman@kellogghansen.com
dhowe@kellogghansen.com

*Counsel for Meta Platforms, Inc.*

34